■ MAYOR OF THE VILLAGE OF MOUNT KISCO, Petitioners, and WILLIAM J. GREEN, Petitioner-Intervenor, v SUPERVISOR OF THE TOWN OF BEDFORD et al., Respondents.—In a proceeding pursuant to article 17 of the General Municipal Law by the Mayor and the Board of Trustees of the Village of Mount Kisco (1) to annul the determination of respondents disapproving a proposed annexation of certain territory in the Town of Bedford and (2) for a determination that the proposed annexation is in the over-all public interest, (a) the respondents moved to confirm the report of Justices Donohoe, Walsh and Burchell, as Referees, and (b) petitioners and petitioner-intervenor cross-applied for a determination that the proposed annexation is

in the over-all public interest. By order dated December 22, 1975, this court remitted the proceeding to the Referees to reconsider their findings of fact and conclusions of law and to render a further report thereon in the light of the decision of the Department of Environmental Conservation of the State of New York, dated October 1, 1975, made on the application of petitioner-intervenor to approve the issuance to him of a State pollutant discharge elimination system permit. The determination of this proceeding was held in abeyance pending receipt of the further report from the Referees *(Mayor of Vil. of Mount Kisco v Supervisor of Town of Bedford,* 50 AD2d 863). The Referees have complied, Justices Donohoe and Burchell finding that annexation is not in the over-all public interest and Mr. Justice Walsh dissenting and voting to recommend annexation. We deem the respondents' motion to be one to confirm the report of Justices Donohoe and Burchell. Respondents' motion denied, petitioners' and petitioner-intervenor's cross application granted, respondents' determination annulled, on the facts, without costs or disbursements, and it is adjudged that the annexation is in the over-all public interest. When this proceeding was originally before this court, we did not hold that the proposed annexation was in the over-all public interest because of our concern over whether there was a well-conceived plan for sewage disposal which had a reasonable expectancy of success and therefore, instead, remitted this proceeding to the Referees so that they could receive evidence on the issue of sewage disposal. We believe that it was sufficiently shown, at this second hearing, that there is a reasonable expectancy that the petitioner-intervenor can, and will, build a treatment plant which will meet all government standards. Therefore, we now hold that the proposed annexation is in the over-all public interest. Margett, Damiani and Rabin, JJ., concur; Cohalan, Acting P. J., dissents and votes to grant respondents' motion to confirm the report of Justices Donohoe and Burchell, deny the cross application, and confirm respondents' determination, with the following memorandum, in which Titone, J., concurs: I agree with Justices Donohoe and Burchell that annexation of the proposed territory by the Village of Mount Kisco would not be in the public interest. The entire plan, as conceived and presented, is too highly speculative.